**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MATT LISK and ORLANDO BUCKLES, | § | |
| Individually and On Behalf of All | | |
| Similarly Situated Persons, | | |
|     Plaintiffs, | | |
| | | |
| V. | § | CIVIL ACTION NO. 4:19-cv-4500 |
| | | |
| CHRISTENSEN BRIDGE AND RAIL, | | |
| LLC, CHRISTENSEN BUILDING | | |
| GROUP, LLC, and MARK L. | | |
| CHRISTENSEN, | | |
|     Defendants. | § | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendants Christensen Bridge and Rail, LLC ("CBR"), Christensen Building Group, LLC ("CBG"), and their control person, Defendant Mark L. Christensen ("Christensen") (collectively, "Defendants") have a business plan that includes hiring welders, laborers, and other workers engaged in the building trades and misclassifying them as independent contractors. Defendants do this in order to avoid paying social security and medicare taxes, unemployment premiums, workers compensation premiums, and overtime pay, and to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiffs Matt Lisk ("Lisk") and Orlando Buckles ("Buckles") (collectively, "Plaintiff") are two of the many workers hired by Defendants as hourly worker "contractors." Plaintiffs bring this lawsuit on their own behalf and on behalf of their former co-workers against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

**Facts Supporting Relief**

**Allegations Related to Plaintiffs' and Their Co-Workers' Claims**

1.      Lisk worked for Defendants as a welder and foreman from March 1, 2019 until October 10, 2019.  Lisk's duties included, but were not limited to, performing welding work, general construction work, and supervising a crew of construction workers.

2.      During the time he worked for the Defendants, Lisk regularly worked in excess of 40 hours per week.

3.      Defendant paid Lisk on an hourly basis.  Defendants did not pay Lisk an overtime premium for any of the hours he worked in excess of 40 in a workweek.  Instead, Lisk was paid the same hourly rate for all the hours he worked ("straight time").

4.      Buckles worked for Defendants as a foreman and operator from August of 2018 until October 19, 2019.   Buckles's duties included, but were not limited to, performing construction work, and supervising a crew of construction workers.

5.      During the time he worked for the Defendants, Buckles regularly worked in excess of 40 hours per week.

6.      Defendant paid Buckles on an hourly basis.  Defendants did not pay Buckles an overtime premium for any of the hours he worked in excess of 40 in a workweek.  Instead, Buckles was paid the same hourly rate for all the hours he worked ("straight time").

7.      Plaintiffs worked with numerous other individuals who were paid on an hourly basis and who were misclassified as independent contractors.   These individuals were also construction workers who also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked in excess of 40 per workweek. Instead, the Defendants

also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

### Allegations Regarding FLSA Coverage

8.      Defendant Christensen Bridge and Rail, LLC is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

9.      Defendant Christensen Building Group, LLC is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

10.     During each of the two years prior to this complaint being filed, CBR was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

11.     During each of the two years prior to this complaint being filed, Defendant CBR regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

12.     During each of the two years prior to this complaint being filed, Defendant CBR conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

13.     During each of the two years prior to this complaint being filed, Defendant CBR's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

14.     During each of the three years prior to this complaint being filed, CBG was an

enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

15.     During each of the three years prior to this complaint being filed, Defendant CBG regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

16.     During each of the three years prior to this complaint being filed, Defendant CBG conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

17.     During each of the three years prior to this complaint being filed, Defendant CBG's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

18.     Mark L. Christensen is a Managing Member of CBR and the President of CBG. Christensen has direct control over the manner in which workers are categorized (i.e., employee versus independent contractor), has direct control over how much workers are paid, and has direct control over whether or not workers are paid overtime pay for hours worked in excess of 40 in a workweek. Christensen was an "employer" of the Plaintiffs, and is jointly and severally liable to the Plaintiffs and Members of the Class for the damages being sought in this lawsuit.

**Plaintiff's Claims**

19.     Defendants were legally required to pay Plaintiffs and their similarly situated hourly co-workers ("Members of the Class") overtime pay for all hours that these individuals

worked for Defendants in excess of 40 in any workweek.

20.    Plaintiffs worked over 40 hours in many workweeks that they worked for Defendants.

21.    Members of the Class worked over 40 hours in many workweeks that they worked for Defendants.

22.    Defendants did not pay Plaintiffs time-and-a-half for any of the overtime hours that they worked for the Defendants.  Similarly, Defendants did not pay the Members of the Class time-and-a-half for any of the overtime hours that they worked for the Defendants.

23.    The Defendants intentionally misclassified the Plaintiffs and their co-workers as independent contractors in order to try to avoid responsibilities that come with having employees: paying social security taxes, paying for unemployment insurance, workers compensation insurance, and to avoid paying overtime to those individuals. In addition to wrongfully taking money and benefits from its employees, Defendants' intentional and knowing actions allowed Defendants to gain an unfair advantage over its competition in the marketplace.

24.    The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff and Members of the Class.  Such practice was, and continues to be with regard to the Members of the Class, a clear violation of the FLSA.

**Cause of Action**

**Violation of the FLSA – Failure to Pay Overtime Wages Owed**

25.    Defendants violated the FLSA by failing to pay Plaintiffs and Members of the Class overtime pay for hours worked over 40 per workweek.

26.     Plaintiffs and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

27.     Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

**Collective Action Allegations**

28.     The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class; that is, paying hourly workers on a straight-time basis.  This generally applicable policy is prohibited by the FLSA.  Thus, Plaintiffs' experience is typical of the experiences of the Members of the Class.

29.     The class of similarly situated Plaintiffs is properly defined as:

> **All workers who are/were employed by and paid on an hourly basis by Defendants Christensen Bridge and Rail, LLC, Christensen Building Group, LLC, and/or Mark L. Christensen during the three-year period preceding the filing of this Complaint.**

**Defendant, Jurisdiction, and Venue**

30.     Defendant Christensen Bridge and Rail, LLC is a Texas limited liability company and an "employer" as defined by the FLSA.  This Defendant may be served through its registered agent, Mark L. Christensen, at 15425 North Freeway, Suite 330, Houston, Texas 77090, or at 3802 Highland Springs, Montgomery, Texas 77316, or wherever he may be found.

31.     Defendant Christensen Building Group, LLC is a Texas limited liability company and an "employer" as defined by the FLSA.  This Defendant may be served through its

registered agent, Mark L. Christensen, at 15425 North Freeway, Suite 330, Houston, Texas 77090, or at 3802 Highland Springs, Montgomery, Texas 77316, or wherever he may be found.

32.     Defendant Mark L. Christensen may be served with process at 15425 North Freeway, Suite 330, Houston, Texas 77090, or at 3802 Highland Springs, Montgomery, Texas 77316, or wherever he may be found.

33.     This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

34.     Plaintiffs demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1.  Issuance of notice as soon as possible to all persons performing construction-related work who are/were employed by and paid on an hourly basis by Defendants during the three-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2.  Judgment against Defendants for an amount equal to Plaintiffs' and the Members of the Class's unpaid overtime wages at the applicable rate;
3.  An equal amount to the overtime wage damages as liquidated damages;
4.  Judgment against Defendants that their violations of the FLSA were willful;
5.  To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6.  All costs and attorney's fees incurred prosecuting these claims;
7.  Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

8.      Leave to amend to add claims under applicable state laws; and

9.      For such further relief as the Court deems just and equitable.


                              Respectfully Submitted,

                              **THE BUENKER LAW FIRM**

                              */s/ Josef F. Buenker*
                              Josef F. Buenker
                              TBA No. 03316860
                              jbuenker@buenkerlaw.com
                              2060 North Loop West, Suite 215
                              Houston, Texas 77018
                              713-868-3388 Telephone
                              713-683-9940 Facsimile

                              **ATTORNEY-IN-CHARGE FOR
                              PLAINTIFFS**


**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFFS**